P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>HO-JO COLTON INN LLC, a California limited liability company,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff alleges:

### PARTIES

1.      Plaintiff Fernando Gastelum is a married man. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff alternates ambulating with a wheelchair, scooter or prosthetic leg and cane due to the loss of a leg. Plaintiff's use of a prosthetic is very limited due to the pain it causes on his femur, joints and causes chafing where the prosthetic meets the skin.

2.      Defendant, Ho-Jo Colton Inn LLC, owns and/or operates and does business as the hotel Comfort Inn & Suites located at 450 North Sperry Drive, Colton, California 92324. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. §

1    12181(7)(A), which offers public lodging services. On information and belief,

2    Defendant's hotel was built or renovated after March 15, 2012.

3    <u>**JURISDICTION**</u>

4        3.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

5    U.S.C. § 12188.

6        4.    Plaintiff's claims asserted herein arose in this judicial district and

7    Defendant does substantial business in this judicial district.

8        5.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

9    in that this is the judicial district in which a substantial part of the acts and omissions

10    giving rise to the claims occurred.

11        6.    Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over

12    Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to

13    decline jurisdiction.

14    <u>**ALLEGATIONS**</u>

15        7.    Plaintiff alleges that Defendant's hotel does not have a compliant access

16    aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections

17    209 and 503 of the 2010 Standards. An access aisle has specific requirements to be

18    compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2)

19    it must have an accessible route adjoining it, and (3) it cannot be within a vehicular

20    way. Section 503.3.

21        8.    The requirement for an access aisle at a passenger loading zone is

22    immensely important for a person with an extreme mobility disability such as Plaintiff,

23    as it provides safe access to the entry of the hotel and deters others from placing

24    encumbrances or obstacles there such as a vehicle parking. An access aisle is akin to a

25    crosswalk for pedestrians. Absence of an access aisle where required creates dangerous

26    conditions for a person with an extreme mobility disability such as Plaintiff.

27        9.    According to www.caspinspectors.com, "access aisles provide the

28    necessary space for deploying vehicle-mounted wheelchair lifts, maneuvering mobility

2

1   devices, and allowing individuals to safely enter and exit their vehicles without

2   obstruction." Indeed, access aisles are crucial for independence and equality for

3   mobility-disabled persons as confirmed by *ADA.gov*: "Access aisles provide a

4   designated area for people who use wheelchairs or other mobility devices to get in and

5   out of their car or van. Mobility devices allow people with disabilities to move about

6   independently. They include walkers, canes, crutches, braces, manual or power

7   wheelchairs, Segways, and electric scooters."

8       10.    Plaintiff is an avid traveler across California for purposes of leisure travel,

9   to attend legal proceedings and to "test" whether various hotels comply with disability

10  access laws, doing so at least once per month. Testing is encouraged by the Ninth

11  Circuit.

12      11.    In early January 2026, Plaintiff personally visited Defendant's hotel,

13  which has a passenger loading zone. At the time, he was using his scooter without his

14  prosthetic. Defendant's hotel has a passenger loading zone because pickup and drop-off

15  occurs there and it is located directly outside of the lobby entrance. There are also other

16  design features showing an intent for utilization as a passenger loading zone. According

17  to the U.S. Access Board Technical Guidelines on Passenger Loading Zones, "many

18  hotel entrances" have the design features indicating an intent to utilize as PLZs and

19  therefore constitute a PLZ *even if not expressly designated or marked as such*.

20      12.    While at Defendant's hotel, Plaintiff discovered that Defendant's hotel

21  has a barrier to entry to the lobby, which is that the passenger loading zone does not

22  have an access aisle compliant with Section 503.3. It is an absolute requirement to have

23  an access aisle at a passenger loading zone pursuant to Sections 209 and 503. The

24  requirement of an access aisle at a passenger loading zone relates to Plaintiff's mobility

25  disability of not having one leg and being forced to use a wheelchair or scooter because

26  access aisles allow the mobility-disabled to maneuver without threat of danger from

27  other vehicles and without other encumbrances obstructing their pathway. The lobby,

28

3

therefore, is inaccessible to Plaintiff by way of the passenger loading zone because there is no access aisle.

13.    Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel (no access aisle at passenger loading zone), and as a result, he was deterred from entering the hotel both from the barrier and due to the lack of equality.

14.    Plaintiff has certain plans of returning and staying at the Hotel in July 2026 during one of his numerous trips across California, in the hopes that Defendant will have remediated the barrier by then.

15.    It is readily achievable and inexpensive to modify the hotel to provide an access aisle, which involves painting and measuring tools. *See e.g. Brooke v. San Diego California Lodge LLC*, SD Cal 25-cv-64-BAS (July 3, 2025); *Brooke v. Tsay Jbr LLC*, CD Cal 23-cv-7378-DMG (March 20, 2024).

16.    Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION

17.    Plaintiff incorporates all allegations heretofore set forth.

18.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19.    Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20.     In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle compliant with Section 503.3 of the Standards.

21.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22.     Defendant's conduct is ongoing, and Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23.     Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a.  DECLARATORY Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

   b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

   c.  Payment of costs and attorney's fees;

   d.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

24.     Plaintiff realleges all allegations heretofore set forth.

25.     Defendant has violated the Unruh Act by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

26.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

29.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c.  Payment of costs and attorney's fees;

d.  Damages in the amount of $4,000.00; and

e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.


RESPECTFULLY SUBMITTED this 15th day of February, 2026.


_____
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>VERIFICATION</u>

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 15th day of February, 2026.

 

 

_____
Fernando Gastelum