UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00714-KK-ACCVx** | Date: | May 19, 2026 |
|---|---|---|---|
| Title: | ***Fernando Gastelum v. Ho-Jo Colton Inn LLC*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed and Sanctions Should Not Be Imposed for Failure to Prosecute and Comply with Court Orders**

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). Generally, a defendant must answer the complaint within 21 days after service, or 60 days if the defendant is the United States. See Fed. R. Civ. P. 12(a). In addition, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Finally, pursuant to the Court's Civil Standing Order, "motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remaining defendant, or (2) resolution of all claims against all defendants who have not defaulted." Civil Standing Order at 10.

In the present case, it appears that one or more of these time periods has not been met as to one or more defendant(s). Specifically:

☒    Proof of service of the summons and complaint

☐    Answer by the defendant or an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a)

---

☐　　Motion for default judgment set for hearing in accordance with the Local Rules and the Court's Civil Standing Order

Additionally, on February 27, 2026, the Court issued an order regarding the prosecution of certain cases involving physical barriers in places of public accommodation under the Americans with Disabilities Act.  Dkt. 10.  Specifically, the Court found "good cause to institute a limited scheduling order concerning basic case prosecution" for such cases and required, among other things, proofs of service for all defendants to be filed "within 90 days of the filing of the case absent a previously approved extension of time by the Court or a motion or responsive pleading by all defendants."  Id. at 2.  The Court expressly warned plaintiff(s) that failure to comply with the Court's Order will result in monetary sanctions, with the first failure resulting in a sanction of $300.  Id.

Accordingly, the Court, on its own motion, orders plaintiff(s) to show cause in writing **no later than seven days from the date of this Order** why this action should not be dismissed for lack of prosecution as to those defendant(s) and why plaintiff(s) should not be sanctioned in the amount of $300 for failing to comply with the Court's February 27, 2026 Order.

It is plaintiff(s)' responsibility to respond promptly to all Orders and to prosecute the action diligently, including filing proofs of service and stipulations extending time to respond.  If necessary, plaintiff(s) must also pursue Rule 55 remedies promptly upon the default of any defendant.  All stipulations affecting the progress of the case must be approved by this Court.  See C.D. Cal. L.R. 7-1.

No oral argument of this matter will be heard unless ordered by the Court.  The Order will stand submitted upon the filing of a written response.

**Plaintiff(s) are expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice as to one or more defendant(s) for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**